**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONALD G. JACKMAN, JR., :
:
:
:
JOHN T. SHARTLE, :
:
_____ :

**Hon. Noel L. Hillman**

Civil No. 12-5249 (NLH)

**OPINION**

**APPEARANCES:**

    DONALD G. JACKMAN, JR., #06804-068
    FCI Fairton
    P.O. 420
    Fairton, NJ 08320
    Petitioner Pro Se

**HILLMAN, District Judge**:

    Donald G. Jackman, Jr., a federal prisoner confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 2002 by the United

States District Court for the Western District of Pennsylvania. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal and § 2255 proceedings, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

Petitioner challenges his incarceration pursuant to a 262-month term of imprisonment imposed on September 17, 2002, by Judge Maurice B. Cohill, Jr., after a jury found him guilty of possessing an unregistered destructive device, in violation of 26 U.S.C. § 5681(d), and he pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§922(g)(1) and 924(e)(1).  See United States v. Jackman, 72 Fed. App'x 862 (3d Cir. 2003).  On July 30, 2003, the Third Circuit affirmed the convictions and sentence on direct appeal.  Id.  In 2004, Petitioner filed a motion to vacate under 28 U.S.C. § 2255.  See Jackman v. United States, Civ. No. 04-1098 (MBC) (W.D. Pa. filed July 26, 2004).  On December 22, 2006, Judge Cohill denied the motion and a certificate of appealability.  In 2007, the Third Circuit denied a certificate of appealability.

On October 6, 2009, while confined at FCI Elkton in Ohio, Jackman filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the September 17, 2002 conviction, arguing that his conviction for possession of a

firearm violates the Second Amendment and that he is innocent based on a certificate of unconditional discharge issued by North Carolina dated January 16, 1997.  See Jackman v. Shartle, Civ. No. 09-2300 (SL) (N.D. Ohio filed Oct. 6, 2009).  On October 27, 2009, Judge Sara Lioi dismissed the petition on the ground that a motion under § 2255 was not inadequate or ineffective to test the legality of his detention.  On October 22, 2010, the Sixth Circuit affirmed the judgment dismissing the § 2241 petition.

Jackman, who is now confined at FCI Fairton in New Jersey, filed a § 2241 Petition, accompanied by a memorandum, on August 11, 2012.  He contends that his detention

> is unlawful because the "enforcement" of 18 U.S.C. § 922(g)(1) is contrary to the provisions of the Second Amendment of the United States Constitution . . . and 15 U.S.C. § 7901(a)(1)(2) [Codification of the Second Amendment Right to bear arms]; that Petitioner was further denied the provisions of 18 U.S.C. § 921(a)(20) "Unless Clause" where the State of North Carolina restored Petitioner's "rights of citizenship" removing any previously incurred firearms disability (see restoration certificate at Exhibit A); and that the recent United States Supreme Court case of McNeill v. United States, 131 S.Ct. 2218 . . . (June 6, 2011) has foreclosed the applicability of United States v. O'Neal, 180 F.3d 115, 125 (4th Cir. 1999) utilized by the government to retroactively remove "prior" restoration of rights by the State of North Carolina, reimposing firearm disability with retroactive application of North Carolina General Statute changes to restoration statutes effectively depriving Petitioner's right to protect loved ones, home, pets, and self.  This resulted in an absurd result violative of United States v. Wilson, 502 U.S. 329, 334 (1992).

3

         \*                  \*                  \*

> Actual innocence further exists in reference to the 26 U.S.C. § 5861 charge where the USA vindictively prosecuted, with both the USA and "appointed" counsel withholding, exculpatory evidence in violation of the Sixth Amendment . . . . Furthermore, the Petitioner was not appointed competent counsel.

(Dkt. 1 at 1-3.)

Attached to the Petition is a document issued on January 16, 1997, by the North Carolina Post-Release Supervision and Parole Commission with respect to Donald G. Jackman. (Dkt 1 at 5.) The document states:

> Certificate of Unconditional Discharge
> (And restoration of forfeited rights of citizenship for felons)
>
> Know everyone by these presents:
>
> Whereas, Donald G. Jackman was on October 3, 1989 committed to the North Carolina Department of Correction . . . and was paroled or conditionally released on November 6, 1996 . . .
>
> Pursuant to section 13-1 of the General Statutes of North Carolina, all rights of citizenship which were forfeited on conviction are by law automatically restored with the exception of the right to own, possess, receive, buy or otherwise acquire firearms. This right is precluded for five years to some felons by section 14-415.1 of the General Statutes of North Carolina . . .

(Dkt. 1 at 5.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides

4

in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Specifically, 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective."[1] See 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"); see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to

5

1997); <u>Millan-Diaz v. Parker</u>, 444 F.2d 95 (3d Cir. 1971); <u>Application of Galante</u>, 437 F.2d 1164 (3d Cir. 1971) (per curiam); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle</u>, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. <u>Id.</u> at 539.

Here, Petitioner's claims are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective.[2] Section 2255 is not inadequate or ineffective for

---

test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." <u>Swain v. Pressley</u>, 430 U.S. 372, 381 (1977).

[2] In his § 2255 motion, Jackman argued that the exception of 18 U.S.C. § 921(a)(20) applied because the certificate dated January 16, 1997, showed that North Carolina had restored his right to possess firearms. See 18 U.S.C. § 921(a)(20) ("Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship,

Petitioner's claims, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his conviction, the conduct for which he was convicted is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain his challenges to his conviction and sentence under § 2241, and will dismiss the Petition for lack of jurisdiction.  See Baker v. Medina, 466 Fed. App'x 331 (5th Cir. 2012) (affirming dismissal of § 2241 petition because Second Amendment claim based on District of Colombia v. Heller, 554 U.S. 560 (2008), did not satisfy the requirements of § 2255's savings clause); Costigan v. Yost, 334 Fed. App'x 460, 462 (3d Cir. 2009) (holding that District Court lacked jurisdiction to entertain claim under § 2241 that

---

transport, possess, or receive firearms").  Judge Cohill rejected the claim:  "Even though Mr. Jackman received a 'restoration of rights,' he also was expressly precluded from possessing firearms for five years from his parole or conditional release on November 6, 1996, or until November 6, 2001 . . . .  The arrest and search warrant occurred on March 14, 2000, well before the right to firearms would have been automatically restored pursuant to North Carolina law."

7

petitioner's conviction for possession of a firearm during the commission of a crime of violence violated Second Amendment under Heller).

### III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

s/ Noel L. Hillman<br>**NOEL L. HILLMAN, U.S.D.J.**

Dated:     September 20  , 2012

At Camden, New Jersey

---

Jackman v. United States, Civ. No. 04-1098 (MBC) mem. and order at p. 33 (W.D. Pa. Dec. 22, 2006).