**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD G. JACKMAN, JR., | Civil Action No. 12-5249 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| JOHN T. SHARTLE, | |
| Respondent. | |

**APPEARANCES**:

>DONALD G. JACKMAN, JR., #06804-068
>FCI Fairton
>P.O. Box 420
>Fairton, NJ  08320
>Petitioner Pro Se

**HILLMAN, District Judge**:

In 2012, Donald G. Jackman, Jr., a federal prisoner confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus challenging his imprisonment pursuant to a federal sentence imposed in 2002 by the United States District Court for the Western District of Pennsylvania.  *See United States v. Jackman*, 72 Fed. App'x 862 (3d Cir. 2003).   Because Jackman did not establish that a motion to vacate under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention, this Court summarily dismissed the Petition for lack of jurisdiction.  (ECF Nos. 3, 4.)

Presently before this Court is Jackman's motion, pursuant to Rule 59(e), to alter or amend the judgment of dismissal. For the reasons expressed in this Opinion, this Court will deny the motion.

## I. BACKGROUND

In his Petition, Jackman challenged his incarceration pursuant to a 262-month term of imprisonment imposed on September 17, 2002, by Judge Maurice B. Cohill, Jr., after a jury found him guilty of possessing an unregistered destructive device, in violation of 26 U.S.C. § 5681(d), and he pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). See *United States v. Jackman*, 72 Fed. App'x 862 (3d Cir. 2003). The Third Circuit affirmed on direct appeal, and on December 22, 2006, Judge Cohill denied Jackman's motion to vacate the judgment, pursuant to 28 U.S.C. § 2255. *See Jackman v. United States*, Civ. No. 04-1098 (MBC) (W.D. Pa. filed July 26, 2004).

Jackman filed his Habeas Corpus Petition in this Court on August 11, 2012. By Order and Opinion entered September 24, 2012, this Court determined that § 2255 was not an inadequate or ineffective remedy for Jackman's habeas claims because he did not contend that, as a result of a Supreme Court decision issued after his conviction and § 2255 motion, the conduct for which he was convicted is no longer a crime. *See In re Dorsainvil*, 119 F. 3d 245, 250 (3d Cir. 1997) ("A Supreme Court decision interpreting a criminal statute that

resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)); *see also Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002). Accordingly, this Court dismissed the habeas petition for lack of jurisdiction.

Jackman handed his motion to alter or amend the judgment to prison officials for mailing on October 10, 2012. (ECF No. 5 at p. 8.) To support his motion, Jackman raises numerous objections and points out what he considers to be errors of fact and law. Specifically, he objects to (1) "having his Writ of Habeas Corpus ad subjiciendum Per United States Constitution Article I Section 9 Clause 2 being recharacterized as a Statutorial Writ under the provisions of 28 U.S.C. § 2241;" (2) this Court's failure to conduct a hearing, allow discovery, and appoint counsel; (3) this Court's failure to "address[] all of his meritorious claims;" (4) this Court's "inferring it did not have jurisdiction to adjudicate his claim by inferring it was a 28 U.S.C. § 2241 petition;" (5) this Court's failure to state that his three "attempts to seek Certiorari to the United States Supreme Court were circumvented by government actions . . .;" (6) what he perceives to be a misrepresentation "in regards to the restoration of rights certificate and [the failure] to include the portion which 'certified' all rights forfeited are

3

by law automatically restored;" (6)(a) this Court's failure to "apply the law in effect at the time of the North Carolina offenses in 1988;" (7) this Court's failure to exercise jurisdiction over his Petition for "a Writ of Habeas Corpus ad subjiciendum," which amounts to "a suspension of the Great Writ establishing a specific violation of Petitioner's Constitutional Rights;" (8) this Court's reliance on *Baker v. Medina*, 466 Fed. App'x 331 (5th Cir. 2012), which affirmed dismissal of a § 2241 petition on the ground that the Second Amendment claim based on *District of Columbia v. Heller*, 554 U.S. 560 (2008), did not satisfy § 2255's savings clause; (9) this Court's Order that Jackman pay the $5.00 filing fee on the ground that he "has not been able to find any authority or rule which requires payment of a filing fee for Habeas Corpus;" (10) this Court's denial of "relief per Article I Section 9 Clause 2 [which] effectively suspended the Writ of Habeas Corpus Ad Subjiciendum;" (11) this Court's reference to the "prior determinations by both the U.S. District Court for the Western District of Pennsylvania, and the U.S. District and Appellate Courts for the Sixth Circuit which both records are infected." (ECF No. 1 at pp. 1-5.)

In addition, Jackman addresses what he considers to be "errors of fact or law previously committed." (ECF No. 1 at 5.) Specifically, he states that his firearms purchases were "government approved;" records were withheld in regard to the destructive device;

4

his firearms were forfeited without a hearing; his "rights were restored by the State[] of North Carolina according to the law in effect in 1988;" his imprisonment and prosecution violate the Second Amendment; "[a]n error of law has been committed in regards to the *United States v. Simmons*, 649 F.3d 237 (4th Cir 2011) case which addressed priors and the previous changes North Carolina made to the sentences imposed for drug crimes;" "in the record of previous proceedings it should be noted a fatal flaw exists in regards to the initial warrant issued by local district justice Sue Haggerty[, in that s]he was under disability due to a Judicial Misconduct Complaint filed by Petitioner Jackman;" the Court erred regarding *District of Columbia v. Heller*, 554 U.S. 560 (2008), as the purpose of the Second Amendment "is to allow one to protect one's self from just the same actions which has Petitioner incarcerated and deprived of his liberty due to tyrannical acts which include but are not limited to the withholding of exculpatory evidence, withholding of audio tapes which would verify the altering of transcripts, denying confrontation of Petitioner's accuser for fear of exposure of the "<u>fact</u>" the USA gave aid and comfort to Mark Bowman who was committing acts of subversion, attempting to defraud the government, defrauding the government, making knowingly false statements to Federal and State Agent, and according to personal notes of agents they knew them

5

to be false, and denying Petitioner an opportunity to bring forth these truths by not conducting any hearing." (ECF No. 1 at 5-8.)

## II. STANDARD OF REVIEW

Jackman labeled his motion as a motion to alter or amend this Court's Order dismissing his Petition for lack of jurisdiction. Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to "alter or amend a judgment" must be filed within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). A post-judgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 (1982)).

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

## III.  DISCUSSION

Jackman argues that alteration or amendment of the Order dismissing his Petition for lack of jurisdiction is necessary to correct an error or law and "to avoid a miscarriage of justice." (ECF No. 1 at 8.)  To this end, he contends that this Court effectively suspended the writ of habeas corpus by considering his pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241, rather than a petition for writ of habeas corpus ad subjiciendum, which is protected by Article I, § 9, of the Constitution.  *Id.* at 1-3.

To be sure, Article I, § 9 of the Constitution generally prohibits suspension of the writ of habeas corpus.  *See*  U.S. Const. art. I, § 9  ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.")  "It is now well established that the phrase 'habeas corpus' used alone refers to the common-law writ of habeas corpus ad subjiciendum, known as the 'Great Writ.'"  *Stone v. Powell*, 428 U.S. 465, 475 n.6 (1976).

But federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "The authority of federal courts to issue the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789,

7

c. 20, s 14, 1 Stat. 81, with the limitation that the writ extend only to prisoners held in custody by the United States." *Id.* at 474-75. In 1867, Congress authorized the federal courts to grant habeas relief to persons in the custody of the States. *See Kuhlmann v. Wilson*, 477 U.S. 436, 445 n.7 (1986) (citing Act of Feb. 5, 1867, ch. 28, § 1, 14 Stat. 385). The 1867 Act authorized federal courts to grant habeas relief in "all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States." *Stone*, 428 U.S. at 475. As Justice Harlan explained, "[h]abeas corpus ad subjiciendum is today, as it has always been, a fundamental safeguard against unlawful custody . . . . Although the wording of earlier statutory provisions has been changed, the basic question before the court to which the writ is addressed has always been the same: in the language of the present statute, on the books since 1867, is the detention complained of 'in violation of the Constitution or laws or treaties of the United States'?" *Fay v. Noia*, 372 U.S. 391, 449 (1963) (Harlan, J., dissenting opinion).

Jackman argues that this Court improperly recharacterized his petition for writ of habeas corpus ad subjiciendum as a petition for writ of habeas corpus under 28 U.S.C. § 2241. But since this Court's power to grant a writ of habeas corpus ad subjiciendum is governed by 28 U.S.C. § 2241, *see Carbo v. United States*, 364 U.S. 611, 614

8

(1961) ("[F]or the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law") (quoting *Ex parte Bollman*, 4 Cranch 75, 93-94 (1807)), this Court was required to consider his Petition under § 2241. *Id.* Accordingly, relief under Rule 59(e) is not warranted on this ground.

None of Jackman's other arguments undermines this Court's determination that it lacks jurisdiction over his challenge to his federal sentence. In other words, Jackman has not shown in his motion that, as a result of a Supreme Court decision interpreting a criminal statute, which decision issued subsequent to his § 2255 motion, he is now imprisoned for conduct that was not prohibited by law. *See Dorsainvil*, 119 F. 3d at 250. Because none of Jackman's arguments relate to this Court's jurisdiction over his Petition, this Court will deny his motion to alter or amend the Order dismissing the Petition for lack of jurisdiction.[1]

---

[1] Jackman's challenge to this Court's Order directing him to pay the $5 filing fee is without merit. Federal law provides that the filing fee for an application for a writ of habeas corpus is $5. *See* 28 U.S.C. § 1914(a). If Jackman cannot afford to pay the $5 filing fee, then he may file an affidavit seeking permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

## **IV. CONCLUSION**

For the foregoing reasons, this Court denies Petitioner's motion under Rule 59(e) to alter or amend the Order dismissing his Petition.

            s/ Noel L. Hillman
            **NOEL L. HILLMAN, U.S.D.J.**

DATED:    May 13, 2013

At Camden, New Jersey